IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID S. BRAUN,<br><br>                Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 1:22-cv-00108-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

      This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6). Before the court is Defendant United States of America's (United States or Defendant) Motion to Dismiss (Motion) (ECF 21). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons stated herein, the undersigned RECOMMENDS that the court GRANT Defendant's Motion (ECF 21).

### I.    BACKGROUND

      The court received Plaintiff David S. Braun's (hereinafter, Plaintiff or Mr. Braun) Complaint on August 24, 2022 (ECF 1). The United States then filed its Motion on November 29, 2022 (ECF 21). Mr. Braun filed his Response to the Motion on December 11, 2023 (ECF 22). And the Reply was filed on December 23, 2022 (ECF 23).

      Mr. Braun is a United States citizen who resides in Brigham City, Utah (ECF 1 at ¶ 3). In his Complaint, Mr. Braun alleges he is the trustee and only beneficiary of Big Sky Civil Trust, which is alleged to be a Nevada Trust (*id.* at ¶ 4).[1] He seeks to fix his name as he has failed "several

---

[1] Big Sky Civil Trust was a named party but thereafter dismissed by this court (ECF 13 and 18).

1

esoteric background checks that he should not be failing" and this has long affected his ability to "sue civilly in his own name" and be employed, among other issues like making friends and meeting lovers (*id.* at ¶¶ 7–9; 23–6). Mr. Braun claims to have first raised concerns about his issues to the Cleveland FBI back around 1993, to have noticed issues with background checks in about 2012, and to have contacted the Bozeman FBI in 2018 about corrective action, all to no apparent avail (*id.* at ¶ 9). He has also tried to meet various agencies and elected officials to solve his problem (*id.* at ¶ ¶ 47, 54–5, 59). Mr. Braun also alleges he found there were "several fictitious occupants" in a condo he owns by conducting a reverse phone number search and that these occupants "have serious criminal records" possibly affecting him (*id.* at ¶ 10). Mr. Braun seemingly alleges that inaccurate databases from intelligence agencies or the military could be impacting him (*id.* at ¶ 17-8), but also states that the federal government has "no records of any kind of military of civilian employment" of him (*id.* at ¶ 22). Additionally, Mr. Braun states that this lawsuit is brought against "an unnamed agency of the U.S. government" (*id.* at ¶¶ 54, 98).

      Mr. Braun asks the court: (1) to correct whatever inaccurate database that prevents him from being able to sue for monetary relief in his personal capacity (ECF 1 at ¶ 27); (2) to delete "any erroneous entries that exist and would lead one to believe that [he] was previously in the Military or worked for the Federal Government in a Civilian capacity" (*id.* at ¶ 45); (3) to review "all entries in classified databases" related to Mr. Braun for additional corrective action (*id.* at ¶ 49); (4) to review a submission to the "DOD inspector General" and facilitate any warranted corrective action (*id.* at 14); (5) to "review the records generated" by different submissions to the

FBI and OIG[2] (*id.* at ¶¶ 79–84); and (6) to terminate all court ordered access to his electronics and emails (*id.* at ¶ 108).

The United States' Motion "seeks dismissal of this action pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6)" (ECF 21 at 1). Under Rule 12(b)(1) the United States argues the court lacks jurisdiction over Mr. Braun's action as he "has failed to establish a waiver of the United States' sovereign immunity" and because the Complaint lacks enough legal and factual basis "to state any cognizable claim against" the United States (*id.* at 6, 7). The United States points the court to a recent case, *Big Sky Civ. Tr. v. United States*, No. CV 21-1282 (TJK), 2022 WL 1471423, at *5 (D.D.C. May 10, 2022), a similar case filed by Mr. Braun dismissed for lack of subject matter jurisdiction (*id.* at 1–2). Alternatively, the United States argues Mr. Braun has failed to state a claim upon which relief may be granted under Rule 12(b)(6) as the Complaint fails to "allege facts to support any claims against" the United States (*id.* at 1).

Plaintiff's Response requests that the court deny the United States' Rule 12(b)(1) arguments and instead rule on the 12(b)(6) part of the Motion (ECF 22 at 1). Mr. Braun argues this case is different than *Big Sky Civil Trust* as it complies with 18 U.S.C. § 1402 because his requested corrective relief "falls under the grounds stated in subsection (a) of section 1346" (*id.* at 2). To support this, the Response explains how Mr. Braun has fulfilled the requirements to establish residency in the state of Utah (*id.* at 2–4), argues that 28 U.S.C. § 1491 does not require the court to have jurisdiction over the claims "to issue orders correcting the database or other records that are causing the problems" (ECF 22 at 5), and further reiterates both the impact the alleged inaccurate database has had in his life and the causes of action under each of his claims (*id.* at 6).

---

[2] Though not totally clear from the Complaint, it appears Plaintiff is referring to the post Office of Inspector General (OIG) (*see* ECF 1 at ¶ 82).

Addressing the United States' Rule 12(b)(6) arguments, Mr. Braun argues that the standard under Rule 12(b)(6) does not apply to this case as the case is not purely civil and that there is no way to tell whether Mr. Braun has a legally cognizable claim without first conducting discovery (*id.* at 7). In addition to these arguments, Mr. Braun explains the basis for each of his requested claims, argues he has satisfied Rule 8(a) (*id.* at 8), that based on the court's assumption, 5 U.S.C. § 702 applies and saves his case (*id.* at 9), and that "there are multiple statutes that would be viewed as a waiver of sovereign immunity" that would allow for his case to proceed (*id.* at 10–1).

## II.    LEGAL STANDARDS

Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (citing *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). To meet their burden of establishing that the court has jurisdiction to hear their claims, a plaintiff "must allege in its pleading the facts essential to show jurisdiction and must support [those facts] by competent proof." *U.S. ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992); *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). In response to a motion to dismiss a complaint for lack of subject-matter jurisdiction, a plaintiff must establish jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). When a federal court lacks jurisdiction of the subject matter, the court must dismiss the action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570) (2007)). In this review, a "court accepts as

true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted* 2021 WL 76163 (D. Utah Jan. 8, 2021).

A court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

### III.  DISCUSSION

#### A.  The Court Lacks Jurisdiction over Plaintiff's Complaint under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 28 U.S.C. § 1339 and 31 U.S.C. § 3702.

Defendant argues that the Complaint is subject to dismissal under Rule 12(b)(1) for lack of jurisdiction because Plaintiff has failed to establish a waiver of the United States' sovereign immunity. The court agrees with Defendant's argument as to three of the statutes referenced in the Complaint. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586 (1941) (citing *United States v. Thompson*, 98 U.S.

5

486 (1878)). The United States' consent to be sued is a "prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States waives "sovereign immunity only when its consent to be sued is 'unequivocally expressed.'" *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). When the United States has not waived its sovereign immunity, a lawsuit must be dismissed for want of subject-matter jurisdiction. *Flute*, 808 F.3d at 1239.

Plaintiff's Complaint contains a myriad of arguments and allegations regarding this court's jurisdiction over his claims scattered throughout the Complaint. However, the court focuses on the specific jurisdiction alleged on first page of the Complaint (ECF 1 at 1). There, Plaintiff conclusory alleges that the court has jurisdiction over his claims under seven different statutes: 28 U.S.C. § 1331, 5 U.S.C. § 702, 42 U.S.C. § 1983, 5 U.S.C. § 552, 5 U.S.C. § 552a subsections (g)(1)(c); (g)(1)(b); and (g)(3)(A), 28 U.S.C. § 1339, 31 U.S.C. § 3702, and 5 U.S.C. § 703. Setting aside that Plaintiff does not specifically allege facts under each statute, courts have held Defendant has not waived sovereign immunity under 3 of these statutes: 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 1339.[3] As to these statutes, the court finds Defendant has not consented to be sued and thus has not waived its immunity to civil actions under these statutes.

Similarly, 31 U.S.C. § 3702 only governs the processing of claims under the statute and does not by itself grant substantive rights or jurisdiction. *See Gavin v. Dept. of A.F.*, 324 F. Supp. 3d 147, 152 (D.D.C. 2018) (holding that "merely invoking § 3702 does not satisfy Gavin's

---

[3] *See High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (holding that 28 U.S.C. § 1331 "does not independently waive the Government's sovereign immunity" and "will only confer subject matter jurisdiction where some other statute provides such a waiver") (citing *City of Albuquerque v. United States Dep't. of the Interior*, 379 F.3d 901, 906–907 (10th Cir. 2004)); *Ortiz-Lebron v. U.S.*, No. 10-1513 (JP), 2011 WL 381722, *3 (P.R. 2011) ("Section 1983 does not supply the necessary waiver to find that the USA waived its sovereign immunity") (citing *In re Haggert*, 1992 WL 379141, *2 (1st Cir. Dec. 22, 1992)); *de Lima Marques v. United States Postal Service*, No. 18-CV-02392-AJB-NLS, 2019 WL 2602532, *3 n. 2 (S.D. Cal June 25, 2019) (citing *O'Connor v. Yezukevicz*, 589 F.2d 16, 18 (1st Cir. 1978) ("Civil actions brought under 28 U.S.C. § 1339 'require[] an independent statutory basis of jurisdiction.'")).

obligation to explain the nature of the claim she seeks to assert against the Air Force and how the Court has jurisdiction over that claim."). It is unclear how or why this court would have jurisdiction under this act. Accordingly, the court finds it lacks subject matter jurisdiction over Plaintiff's Complaint under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 28 U.S.C. § 1339 and 31 U.S.C. § 3702.

**B. Mr. Braun has failed to state a claim for relief that is plausible on its face under the remaining three statutes.**

The remaining statutes, in slightly different order than above, and paired by their respective acts are (1) 5 U.S.C. § 552 (hereinafter, Freedom of Information Act or FOIA); (2) 5 U.S.C. § 552a(g)(1)(b); (g)(1)(c); and (g)(3)(A) (hereinafter, the Privacy Act); and (3) 5 U.S.C. § 702 and 5 U.S.C. § 703 (hereinafter, the Administrative Procedure Act or the APA). For the reasons below, the court RECOMMENDS Plaintiff's Complaint be DISMISSED as to claims under each act.

1. *Plaintiff has failed to state a plausible claim under FOIA.*

FOIA "was enacted to facilitate public access to Government documents." *United States Dep't of State v. Ray*, 502 U.S. 164 (1991). FOIA grants proper district courts the authority to, on complaint, "enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). An agency has the burden "to sustain its own action" if it wishes to withhold any records. *Id.* If a complainant substantially prevails, the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section." 5 U.S.C. § 552(a)(4)(E).

FOIA gives district courts jurisdiction to enjoin *agencies* and "to order the production of any *agency* records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added). The statute granting this court the power to enjoin an agency does not equate to the power to enjoin the United States. *See Eames v. United States*, No. 1:13-CV-00040-DBP, 2014

WL 4803160, at *6 (D. Utah Sept. 26, 2014) (dismissing a FOIA claim against the United States). The sole Defendant here is the United States. Accordingly, Plaintiff brings his FOIA claim against the wrong party and therefore fails to state a claim upon which relief can be granted.

      2.    *Mr. Braun fails to state a plausible claim under the Privacy Act.*

The Privacy Act "generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998). Plaintiffs can seek redress under the Privacy Act under four causes of action: under 5 U.S.C. § 552a(g)(1)(A) for an agency's failure to review the denial of an amendment or attach a statement of disagreement; under subsection a(g)(1)(B) for an agency's denial of access to records; under subsection a(g)(1)(C) for an agency's failure to maintain accurate records and under subsection a(g)(1)(D) for failure to comply with any other Privacy Act provisions which cause an adverse effect. *Id*. Though not a cause of action, subjection a(g)(3)(A), allows a court, in an action brought under subsection a(g)(1)(B) (i.e., a claim for an agency's denial of access to records) to "enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld."

      a)    5 U.S.C. § 552a(g)(1)(B)

5 U.S.C. § 552a(g)(1)(B) creates a cause of action when an agency "refuses to comply with an individual request under subsection (d)(1)" of the Privacy Act. Subsection a(d)(1) of the Privacy Act states that agencies that maintain a system of records, upon request, grant an individual access to their "record or to any information pertaining to him which is contained in the system." 5 U.S.C. § 552a(d)(1). Subsection a(g)(1)(B), however, must also be read in conjunction with subsection a(g)(3)(A) which reads that in a suit brought under "subsection (g)(1)(B) of this section, the court

may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from" the complainant.

The relief that this court can grant through a claim under subsection a(g)(1)(B) of the Privacy Act is like the relief sought under FOIA and thus the court finds that Plaintiff has failed to state a plausible claim under this subsection as he brings it against the wrong party—the United States as opposed to a specific agency. Moreover, Plaintiff's Complaint fails to state a claim as he does not allege that an agency has failed to comply with an individual request under subsection (d)(1).

                b)      5 U.S.C. § 552a(g)(1)(C)

To establish a claim for damages under subsection 552a(g)(1)(C) of the Privacy Act, a plaintiff must show: "(1) he has been aggrieved by an adverse determination; (2) the agency failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the agency acted intentionally or willfully in failing to maintain accurate records." *Patel v. United States*, 399 F. App'x 355, 360 (10th Cir. 2010); *see* 5 U.S.C. § 552a(g)(4).

Looking at the Complaint, Plaintiff's allegations are cursory and not specific enough to determine that he has met the above elements. Plaintiff generally alleges there is an issue with his name and his desire to have records under his name corrected. However, it is not clear which specific agency Plaintiff complains of, if there was an adverse determination, or that any agency has acted intentionally or willfully in failing to maintain accurate records regarding him. And any "bare conclusory allegations" Plaintiff may make in the Complaint do "not plausibly support" such a finding. *See ElHelbawy v. Pritzker*, No. 14-CV-01707-CBS, 2015 WL 5535246,

at *12 (D. Colo. Sept. 21, 2015), *aff'd,* 663 F. App'x 658 (10th Cir. 2016) (dismissing a Privacy Act claim for failure to state a claim). Accordingly, the court finds that Plaintiff has failed to state a plausible claim under subsection 552a(g)(1)(C).

        c)     5 U.S.C. § 552a(g)(3)(A)

Subsection a(g)(3)(a) of the Privacy Act sets out the relief that this court may grant when a Privacy Act claim is brought under subsection (g)(1)(b). Because this court has already found that Plaintiff has failed to allege a plausible claim under the requirement set forth by subsection (g)(1)(b), the court finds that Plaintiff has failed to state a plausible claim under subsection (g)(3)(a) of the Privacy Act.

        3.     *Mr. Braun also fails to state a plausible claim under the APA.*

        a)     5 U.S.C. § 702

Section 702 of the APA states that a plaintiff who alleges to have suffered a "legal wrong because of agency action" or to have been "aggrieved by agency action ... is entitled to judicial review thereof." 5 U.S.C. § 702. To establish a claim under section 702 of the APA, a plaintiff must be "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." *Id.* The claim may be brought against the United States. *Id.* Any mandatory or injunctive decree against the United States, "shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance." *Id.* There must also be no "other statute that grants consent to suit expressly or impliedly forbid[ding]" the sought relief. *Id.*

Although section 702 of the APA allows Plaintiff to bring a lawsuit against the United States, and Plaintiff seeks "corrective action" for what he believes "are illegal and fabricated records" and not damages (ECF 1 at 26–27), Plaintiff fails to allege a plausible claim under this

Act. Namely, Plaintiff fails to adequately allege the agency, officer, or employee of the agency thereof that "acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. Any bare conclusory allegations related to this latter requirement in the Complaint are insufficient to state a plausible claim under the APA.

        b)        5 U.S.C. § 703

Section 703 relates to the form and venue for claims under the APA and states that "[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action." 5 U.S.C. § 703. And that absent a special statutory review proceeding, "the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer." *Id.*

The language of section 703 of the APA does not seem to create an actionable right for Plaintiff. Instead, this section of the APA sets out the procedure for judicial review of an action under the APA. Because section 703 of the APA does not provide an actionable claim, Plaintiff fails to state a claim upon which relief can be granted under this section.

**C.    Mr. Braun's remaining arguments in the Opposition against dismissal lack merit.**

Plaintiff's argument that the court consider Defendant's 12(b)(6) arguments as opposed to the 12(b)(1) fails as the court must dismiss an action if it does not have subject matter jurisdiction over the claims (ECF 22 at 1). Plaintiff's second argument that his Complaint survives the Motion because his "non monetary requested relief falls under the grounds stated in subsection (a) of section 1346 and therefore must comply with 28 US 1402" lacks merit (*id.* at 2). Subsection (a) of section 1346 relates to actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected" or for cases "against the

11

United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." This case does not relate to the recovery of internal-revenue tax, Plaintiff does not seek monetary damages, and this court finds there is no "express or implied contract with" the United States alleged in this case. 28 U.S.C. § 1346(a). Plaintiff's argument that 28 U.S.C. §1491 does not require subject matter jurisdiction over his case is baseless as this court must have subject matter jurisdiction over any claim it rules on (*id.* at 5). Lastly, as explained above, Plaintiff fails to state a plausible claim under Section 702 of the APA.[4]

## RECOMMENDATION

Because the court finds that it lacks jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 28 U.S.C. § 1339, and 31 U.S.C. § 3702, and that Plaintiff has failed to state a plausible claim under FOIA, the Privacy Act, and the APA, the undersigned RECOMMENDS that the court GRANT Defendant's Motions to Dismiss Plaintiff's Complaint.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 July 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[4] The court does not address any of Defendant's remaining arguments as it resolves this matter on the grounds that the court lack jurisdiction over Plaintiff's Complaint or that Plaintiff has failed to state a plausible claim.