IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID S. BRAUN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORADUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Case No. 1:22-cv-00108-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is pro se Plaintiff David S. Braun's Objection[1] to Magistrate Judge Cecilia M. Romero's Report and Recommendation,[2] in which Judge Romero recommends Defendant United States of America's Motion to Dismiss[3] be granted. For the reasons stated below, Braun's Objections are OVERRULED, the Report and Recommendation is ADOPTED in its entirety, and the United States' Motion to Dismiss is GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**[4]

This action centers on Braun's decades-long effort to correct or purge his information from unnamed or classified government databases.[5] In his Complaint, he alleges a long-running injustice carried out by various federal agencies and state and local governments that has left him

---

[1] Dkt. 30 (*Braun's Objection*).

[2] Dkt. 29 (*Report*).

[3] Dkt. 21 (*United States' Motion*).

[4] The court accepts all well-pleaded factual allegations as true and views them in the light most favorable to Braun. *See Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

[5] *See generally* Dkt. 1 (*Complaint*).

1

without the capacity to sue,[6] undermined his access to public officials,[7] and caused him extreme difficulty obtaining employment or fostering romantic relationships.[8] Braun speculates these deprivations are the result of erroneous database entries, which may be related to certain "fictitious occupants" of his Montana condo or a persistent falsehood that he has prior military or government service.[9]

Braun's troubles began in the early 1990s, when he first started running background checks on himself, discovering "several issues."[10] However, matters really took a turn for the worse around 2011, when Braun's employer "shut down [its] trading operation in Las Vegas," requiring him to find new employment as a "programmer/trader."[11] After Braun's job search hit a dead end, he redoubled his efforts to discover the source of his problems. In 2012, he started running background checks on himself again, which revealed issues that went beyond a criminal record—according to Braun, "[h]e does not ha[ve] one."[12] Instead, after lodging extensive complaints and requests with various government entities, including an FBI field office, Braun came to conclude that his problems—ranging from his difficulty finding a new job to his unsuccessful attempts at online dating—were the result of a pernicious database error.[13]

Though Braun does not know the exact source of the error, his efforts have yielded several possibilities. A "reverse phone lookup" for Braun's Montana condo revealed "several

---

[6] *Id.* at 4, 7–14 ("To summarize, there is a database entry that[,] among other things[,] is causing this court[] to determine . . . [Braun] cannot sue for monetary gain.").

[7] *Id.* at 12–13 (describing public officials' lack of responsiveness to his requests).

[8] *Id.* at 4–7, 13.

[9] *See id.* at 3–4, 7–14.

[10] *Id.* at 2–3.

[11] *Id.* at 3–4.

[12] *Id.*

[13] *Id.* at 3–14.

fictitious occupants," also named David Braun, albeit with different middle names.[14] Braun posits, "you might take them as brothers," but "they do not exist as far as any relation[] to [Braun] or his . . . [c]ondo. They do not reside the[re]."[15] Nevertheless, these fictitious occupants have "serious criminal records for narcotics trafficking," and their existence and apparent use of Braun's address has caused him considerable difficulties with the postal system and background checks.[16] Braun also alleges that during an unrelated proceeding, he was asked about his prior military or government service.[17] Because Braun has never served in the military or worked for the government, he alleges there must be unnamed databases containing incorrect information about him.[18]

While the exact source of Braun's predicament remains elusive, the consequences are clear to him. They range from civil deprivations, such as unresponsiveness from public officials and an apparent inability to file or settle lawsuits, to personal challenges "get[ting] a job even if his life depended on it" or "meet[ing] []new people, including [a] girlfriend."[19] Additionally, Braun alleges other unexplained circumstances, including email irregularities, frequent traffic stops, dating websites "changing [his] birthday and height and weight," and "quit[e] a few illegal and improper access[es] . . . to [his] condo."[20]

In light of these challenges, Braun filed a spate of federal lawsuits against the United States and others, seeking to "fix [his] name," correct the alleged database entries about him, and

---

[14] *Id.* at 3.

[15] *Id.* at 3–4.

[16] *Id.* at 3–4, 19, 26.

[17] *Id.* at 5, 11–12.

[18] *Id.*

[19] *See id.* at 4–7, 12–14.

[20] *See id.* at 17–28.

3

address myriad other grievances.[21]  According to Braun, these lawsuits now span across four different district courts: Utah, Montana, California, and the District of Columbia.[22]

Braun filed the instant action on August 24, 2022, and asserts several potential causes of action seeking "corrective action" related to the database entries and other greivances.[23] Specifically, Braun requests the court: (1) restore his capacity to sue; (2) remove database entries reflecting any military or government service; (3) remove any additional database entries that have contributed to the civil and personal deprivations discussed above; (4) correct his submission to the Department of Defense (DOD) Office of the Inspector General; (5) correct his initial communications to the DOD; and (6) correct the unexplained privacy breaches of his email addresses and personal residence.[24]  In support of his Complaint, Braun attaches approximately two hundred pages of scattershot documents, encompassing not only communications with federal agencies and state and local governments, but also private correspondence and background check results.[25]

The case was referred to Judge Romero pursuant to 28 U.S.C. § 636(b)(1)(B).[26]  On November 29, 2022, the United States filed a Motion to Dismiss, seeking dismissal of Braun's

---

[21] *See Braun's Objection* at 10–11 (discussing his recently filed lawsuits); *see also United States' Motion* at 2 n.1 (briefly summarizing Braun's "long history of suing the federal government and agencies thereof").  Note that Braun frequently files suit on behalf of and as the sole trustee of Big Sky Civil Trust, a practice he states is needed because of the civil deprivations discussed above.  *See* Dkt. 1-1, *Exhibit 1 to Complaint: Notice/Disclosure About Plaintiff* (discussing the purpose and status of the Big Sky Civil Trust).  In this case, however, Big Sky Civil Trust was dismissed as a party, leaving Braun as the sole plaintiff.  *See generally* Dkt. 7, *Order to File Notice of Appearance Through Counsel*; Dkt. 18, *Docket Text Order* (explaining that Big Sky Civil Trust was dismissed given Braun's failure to comply with Dkt. 7 and denying his request to "adjust parties" as moot).

[22] *See Braun's Objection* at 10–11 (referencing *Big Sky Civil Tr. v. Oath Holdings, Inc.*, No. 20-cv-07535-SVK (N.D. Cal. 2020); *Big Sky Civil Tr. v. United States*, No. 1:21-cv-01282-TJK (D.D.C. 2021); *Big Sky Civil Tr. v. Bank of Am., N.A.*, No. CV-2:20-50-BMM (D. Mont. 2020)).

[23] *See generally Complaint*.

[24] *Id.*

[25] *See generally* Dkt. 1-2, *Exhibit 2 to the Complaint*; Dkt. 1-3, *Exhibit 3 to the Complaint*.

[26] *See* Dkt. 6.

claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[27] In its Motion, the United States noted "Braun has a long history of suing the federal government and agencies thereof,"[28] and that his recent action in the District of Columbia was dismissed for lack of subject matter jurisdiction.[29] The United States argued dismissal was also appropriate here because Braun "failed to establish a waiver of the United States' sovereign immunity" and his claims were so "frivolous and incoherent" as to vitiate the court's subject matter jurisdiction.[30] Additionally, the United States asserted that Braun's Complaint failed to state a plausible claim for relief and should therefore be dismissed under Rule 12(b)(6).[31]

Judge Romero agreed with most of the United States' arguments. In a Report and Recommendation issued on July 19, 2023, she concluded Braun's Complaint failed to satisfy the requirements of Rules 12(b)(1) and 12(b)(6), and recommended dismissal.[32] Recognizing Braun's status as a pro se litigant, Judge Romero afforded the Complaint a lenient construction, determining several of his causes of action were barred by the United States' sovereign immunity,[33] and that the remaining causes of action—ostensibly brought under the Freedom of Information Act (FOIA), the Privacy Act, and the Administrative Procedure Act (APA)—failed to state a plausible claim for relief.[34] In particular, Judge Romero noted that claims under FOIA and the Privacy Act must be targeted at specific agencies or contain specific allegations of

---

[27] *United States' Motion* at 1.

[28] *Id.* at 2 n.1 (collecting cases).

[29] *Id.* at 2; *see also Big Sky Civil Tr. v. United States*, No. 21-1282 (TJK), 2022 U.S. Dist. LEXIS 83821, at *6 (D.D.C. May 10, 2022) (concluding that the court "lack[ed] subject-matter jurisdiction over Braun's claims because they [were] 'patently insubstantial'" (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009–10 (D.C. Cir. 2009))).

[30] *United States' Motion* at 6–7.

[31] *Id.* at 8–9.

[32] *Report* at 12.

[33] *Id.* at 5–7.

[34] *Id.* at 7–12.

5

agency noncompliance.[35] Because Braun's claims were directed solely against the United States and did not contain the requisite allegations of agency failure, she recommended dismissal.[36] Relatedly, she determined Braun failed to allege a plausible claim under the APA because he did not "adequately allege the agency, officer, or employee of the agency thereof that 'acted or failed to act in an official capacity or under color of legal authority.'"[37]

Braun filed his Objection twelve days later. Though many of his contentions are unclear, the overarching purpose of his Objection seems to be an attempt to correct his deficient pleadings by further clarifying the grounds for his Privacy Act and APA claims.[38] For example, he adds allegations of specific damages (reaching sums as high as "[$]500,000,000") and clarifies his claims are against the Director of the Office of Management and Budget.[39] While he does dispute Judge Romero's jurisdictional findings, he asks the court to "assume jurisdiction" nonetheless.[40] Additionally, Braun attempts to distinguish the facts of his case from a number of decisions cited by Judge Romero.[41] He concludes by asking the court to "try to deny [the United States' Rule] 12(b)(1) [challenge] and consider the [Rule] 12(b)(6) [grounds] and try to set a scheduling order for each count,"[42] and further asks that the court's consideration be expedited.[43]

Having evaluated the relevant briefings and filings, the court now turns to the arguments.

---

[35] *Id.* (discussing claims under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1)(B)–(C)).

[36] *Id.*

[37] *Id.* at 10–11 (quoting 5 U.S.C. § 702).

[38] *See generally Braun's Objection*.

[39] *Id.* at 2–3.

[40] *Id.* at 11, 16–17, 19.

[41] *Id.* at 6, 19 (distinguishing *Patel v. United States*, 399 F. App'x 355, 360 (10th Cir. 2010) and *Ortiz-Lebrón v. United States*, No. 10-1513 (JP), 2011 U.S. Dist. LEXIS 11860, at *7 (D.P.R. Feb. 7, 2011), respectively).

[42] *Id.* at 19.

[43] *See* Dkt. 31, *Motion for Expedited Consideration and Submission for Decision*.

## LEGAL STANDARDS

As discussed, Braun is a pro se litigant. Pro se litigants are held to less stringent standards than parties formally represented by lawyers,[44] and their pleadings "are to be construed liberally."[45] Nevertheless, a litigant's pro se status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[46] At the pleading stage, a pro se plaintiff still has "the burden of alleging sufficient facts on which a recognized legal claim could be based."[47] And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [his] behalf."[48]

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection. To qualify as a proper objection that triggers de novo review, the objection must be both timely—that is, made within fourteen days—and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[49] "Thus, de novo review is not required where a party advances objections to a magistrate judge's disposition that are either indecipherable or overly general."[50]

Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific,

---

[44] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[45] *Id.*

[46] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[47] *Hall*, 935 F.2d at 1110.

[48] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); see also *Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017) (recognizing it is not the court's role to act as a pro se litigant's attorney "in constructing arguments and searching the record" (internal quotation marks and citation omitted)).

[49] *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[Objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[50] *Tracy v. Simplifi Co.*, No. 2:21-cv-00444-RJS-CMR, 2022 U.S. Dist. LEXIS 54419, at *6 (D. Utah Mar. 24, 2022) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

then the objector has waived "review of both factual and legal questions."[51] A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[52] "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[53]

The standards for motions to dismiss under Rule 12(b)(1) and 12(b)(6) are also relevant, as Judge Romero's Report evaluated Braun's Complaint under both frameworks.[54] A Rule 12(b)(1) motion can be made on the ground that a plaintiff fails to "allege in its pleading the facts essential to show jurisdiction and . . . [] support [those facts] by competent proof."[55] It "requires a court to 'address jurisdiction issues at the beginning of [the] case and, if jurisdiction is lacking, dismiss the case immediately.'"[56] Importantly, it is the plaintiff's burden to establish that the court has subject matter jurisdiction over his claims.[57]

Whereas a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, a motion under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the plaintiff's complaint.[58] To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "sufficient

---

[51] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[52] *Moore*, 950 F.2d at 659.

[53] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) and Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

[54] *Report* at 4–5.

[55] *United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992) (internal quotation marks and citations omitted).

[56] *Shelton v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-103, 2018 U.S. Dist. LEXIS 7909, at *1 (D. Utah Jan. 17, 2018) (quoting *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004)).

[57] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

[58] *Compare* Fed. R. Civ. P. 12(b)(1), *with* Fed. R. Civ. P. 12(b)(6).

factual matter, accepted as true, to state a claim to relief that is plausible on its face."[59] "While a complaint need not recite 'detailed factual allegations,' 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"[60]

## ANALYSIS

The court reviews Judge Romero's Report in two steps. First, the court will review de novo the conclusions to which Braun has timely and specifically objected. Second, the court will review the remainder for clear error.

### I. De Novo Review of Specific Objections

Construed liberally, Braun raises several specific arguments in his Objection: (1) he attempts to clarify the scope and target of his Privacy Act and APA claims;[61] (2) he disagrees with Judge Romero about the applicability of *Patel v. United States* and *Ortiz-Lebron v. United States*;[62] (3) he argues the Privacy Act does not "require[] that [an] adverse decision actually be ma[de] by an agency or entity of the U.S. Government," and that the scope of protection extends to any record maintained by "any agency" of the federal government;[63] and (4) he asks the court to "assume jurisdiction" over his case.[64] The court addresses each contention in turn.

---

[59] *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

[60] *Id.* (brackets omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[61] *See generally* Braun's Objection.

[62] *Id.* at 6, 19 (distinguishing *Patel*, 399 F. App'x at 360 and *Ortiz-Lebrón*, 2011 U.S. Dist. LEXIS 11860, at *7, respectively).

[63] *Id.* at 6–7.

[64] *Id.* at 11, 16–17, 19.

### A. *Braun's Factual Clarifications*

First, Braun broadly attempts to clarify the scope and target of his claims with the court. In response to Judge Romero's determination that he failed to "adequately allege the agency, officer, or employee of the agency thereof that 'acted or failed to act in an official capacity or under color of legal authority,'"[65] Braun offers a prospective target for his claims: "the Director of the Office of Management and Budget."[66] He also estimates specific damages amounts of "[$]500,000,000" for each of his claims.[67] Acknowledging Judge Romero's critique that his Privacy Act claim for damages under 5 U.S.C. 552a(g)(1)(C) was supported by "cursory" allegations that were "not specific enough to determine that he . . . met the [required] elements,"[68] Braun offers a list of grievances—related to both public and private actors—as further support for his claim.[69]

At first glance, these clarifications do little to rescue Braun's defective pleadings. They are still conclusory, unspecific, and generally unmoored from the elements required to state the claims that Braun hopes to advance. But they are also procedurally improper. "A party may not treat objections to a magistrate judge's report and recommendation as an opportunity to raise new arguments [(or present new factual allegations) that could have been presented to the magistrate judge."[70] By introducing new factual allegations and even testing new legal claims,[71]

---

[65] *See Report* at 11.

[66] *Braun's Objection* at 2.

[67] *Id.* at 2–3.

[68] *See Report* at 9.

[69] *See generally Braun's Objection* at 4–6.

[70] *Weston v. Weston*, No. 08-CV-0365-CVE-TLW, 2009 U.S. Dist. LEXIS 31337, at *14 (N.D. Okla. Apr. 13, 2009).

[71] *See generally Braun's Objection*; *see also id.* at 12 (stating that "Utah libel and slander/deformation[sic] laws are also being violated").

10

Braun is effectively attempting to amend his Complaint through an objection to a magistrate judge's report and recommendation, which is not permitted.[72] If Braun seeks to amend his Complaint, he must follow the same amendment procedures—set out by Rule 15-1 of the Rules of Practice for the United States District Court for the District of Utah—as everyone else.[73] Accordingly, this part of Braun's Objection is overruled.

### B. *Applicability of Judge Romero's Cited Case Law*

Braun next attempts to distinguish the facts of his case from two decisions cited by Judge Romero: *Patel* and *Ortiz-Lebron*.[74] While the court acknowledges the factual circumstances of these cases are distinct from Braun's own specific allegations, they were quoted for limited purposes. Judge Romero quoted *Patel*'s recitation of the four elements required to state a claim for damages under 5 U.S.C. § 552a(g)(1)(C).[75] These are still the required elements for a § 552a(g)(1)(c) claim,[76] whether or not the factual circumstances of *Patel* are inapposite. Similarly, Judge Romero cited *Ortiz-Lebron* not for its factual relevance, but for a general statement of law: "Section 1983 does not supply the necessary waiver to find that the [United States] waived its sovereign immunity."[77] Though Judge Romero opted to cite *Ortiz-Lebron*,

---

[72] *See Scott v. Hormel*, No. CIV-18-395-SLP, 2019 U.S. Dist. LEXIS 140869, at *3 n.2 (W.D. Okla. Aug. 20, 2019) ("Plaintiffs may not amend their Complaint by adding factual allegations as a part of objections to an R&R, or in opposition to a motion to dismiss." (quoting *Chambliss v. Bank of Am.*, N.A., No. 3:12-955, 2014 U.S. Dist. LEXIS 43777, at *1 (M.D. Tenn. Mar. 31, 2014))); *see also Best v. Schneider*, No. 12-CV-6142 (NGG) (MDG), 2015 U.S. Dist. LEXIS 125868, at *75–76 n.23 (E.D.N.Y. Sep. 18, 2015) ("Just as plaintiffs—and even pro se plaintiffs—may not raise new claims in opposition to a motion to dismiss, Plaintiff may not amend his Amended Complaint through his objection to the R&R." (internal citations omitted)).

[73] *See* DUCivR 15-1; *see also Perez v. ZL Rest. Corp.*, 81 F. Supp. 3d 1062, 1067 (D.N.M. 2014) ("Pro se litigants must follow rules of procedure, including local rules." (quoting *Keehner v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005))).

[74] *Braun's Objection* at 6, 19 (distinguishing *Patel*, 399 F. App'x at 360 and *Ortiz-Lebrón*, 2011 U.S. Dist. LEXIS 11860, at *7, respectively).

[75] *Report* at 9.

[76] *See, e.g.*, *Meade v. VA*, No. 6:22-cv-533-CEM-LHP, 2023 U.S. Dist. LEXIS 128199, at *9 (M.D. Fla. July 25, 2023) (relying on the same elements to dismiss a Privacy Act claim as recently as two months ago).

[77] *See Report* at 6 n.3 (quoting *Ortiz-Lebrón*, 2011 U.S. Dist. LEXIS 11860, at *7).

this observation is shared by many other courts and appears to be binding law in the Tenth Circuit.[78] Therefore, Braun's objections to the applicability of Judge Romero's cited case law are overruled.

### C. Scope of the Privacy Act

Third, Braun argues the Privacy Act does not "require[] that [an] adverse decision actually be ma[de] by an agency or entity of the U.S. Government."[79] But it is unclear how this point is relevant. Judge Romero recommended dismissal of Braun's Privacy Act claims for failing to allege that a specific agency did not comply with his request or address the four elements mentioned by *Patel* beyond "cursory" or unspecific allegations.[80] Whether or not the Privacy Act requires an adverse decision "be ma[de] by an agency or entity of the U.S. Government" does not change the pleading deficiencies noted by Judge Romero. Because the court agrees Braun failed to sufficiently plead a plausible claim for relief under the Privacy Act, this objection is overruled.

### D. Subject Matter Jurisdiction

Finally, Braun, seeming to acknowledge the jurisdictional defects that plague his Complaint, nevertheless asks the court to "assume jurisdiction" over this action.[81] But it is axiomatic that a federal court, which is a court of *limited* jurisdiction, cannot simply "assume

---

[78] *See, e.g.*, *Ortiz-Lebrón*, 2011 U.S. Dist. LEXIS 11860, at *7 (collecting cases); *Beals v. United States DOJ*, 460 F. App'x 773, 774–75 (10th Cir. 2012) (noting that a district court "did not have jurisdiction because § 1983 . . . [does not] provide[] an appropriate waiver of sovereign immunity"); *Robles v. Amarr Garage Doors*, No. 11-2707-JAR-DJW, 2012 U.S. Dist. LEXIS 85106, at *20 (D. Kan. June 20, 2012) ("The United States has not waived sovereign immunity for causes of action brought under §§ 1983 . . . . As such, Plaintiff's . . . claim fails to provide a valid jurisdictional prerequisite for this action." (collecting cases)).

[79] *Braun's Objection* at 6–7.

[80] *Report* at 8–10.

[81] *Braun's Objection* at 11, 16–17, 19.

jurisdiction" where it has none.[82]  In fact, "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it."[83]  It is the plaintiff's own, unshakable burden to plead adequate facts sufficient to establish that the court has jurisdiction.[84]

Here, Judge Romero correctly noted that the United States' consent to be sued is a "prerequisite for jurisdiction," and recommended the court dismiss the claims for which the United States has not consented to be sued.[85]  The court agrees with her assessment, and therefore, Braun's final objection is overruled.

## II. The Remainder of the Report

Having addressed Braun's specific objections, the court now turns to the remainder of the Report, which it reviews for clear error. At the outset, the remarkable nature of Braun's Complaint prompts the question of when are a plaintiff's contentions so far-fetched and attenuated that they warrant dismissal before even considering Rule 12(b)(6)?

As prefaced above, Braun's case in the District of Columbia was dismissed for lack of subject matter jurisdiction because the court concluded his claims were "patently insubstantial"[86]—that is, "flimsier than 'doubtful or questionable'"[87] or "essentially

---

[82] *See Broccuto v. Experian Info. Sols., Inc.*, No. 3:07CV782-HEH, 2008 U.S. Dist. LEXIS 37079, at *4 (E.D. Va. May 6, 2008) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only authority conferred by Article III of the Constitution and affirmatively granted by federal statute.' . . . A federal court cannot assume jurisdiction exists." (quoting *In re Bulldog Trucking*, 147 F.3d 347, 352 (4th Cir. 1998))); *see also United States v. Drossner*, 179 F.2d 509, 510 (3d Cir. 1950) ("[A] district court is a court of limited jurisdiction and . . . cannot assume jurisdiction.").

[83] *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

[84] *See Steel Co.*, 523 U.S. at 104.

[85] *See Report* at 5–7 (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

[86] *Big Sky Civil Tr.*, 2022 U.S. Dist. LEXIS 83821, at *6 (quoting *Tooley*, 586 F.3d 1006, 1009–10).

[87] *Ord v. District of Columbia*, 587 F.3d 1136, 1144 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

fictitious."[88]  The court noted, "Braun offers nothing suggesting that the[] unnamed databases exist at all.  He merely lists 'a series of unconnected events,' . . . and alleges [] these events happened because he has been 'singled out for harassment by the government.'"[89]  Recognizing that "courts in [the D.C. Circuit] have held that claims of a widespread conspiracy cannot go forward when a plaintiff offers only a laundry list of wrongful acts and conclusory allegations," the court dismissed Braun's action on jurisdictional grounds.[90]  The United States contends a similar outcome is warranted here.[91]

While the approach taken in Braun's earlier case is understandable, even persuasive, circuits often take different approaches to the same legal issues.  And case law suggests district courts in the Tenth Circuit are somewhat more reluctant to recognize claims as "so attenuated and unsubstantial" that they warrant dismissal under Rule 12(b)(1).[92]  Indeed, the Tenth Circuit "has a history of reading federal claims generously,"[93] and "this generosity expands for pro se litigants, 'who may lack the legal training necessary to allege any more than facts sufficient to describe his or her alleged injury.'"[94]  One particularly relevant case is *Valdez v. NSA*, where the plaintiffs—much like Braun—alleged a wide-ranging government conspiracy rife with secret

---

[88] *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011) ("Claims that are 'essentially fictious' include those that allege bizarre conspiracy theories, fantastic government manipulations of the will or mind, or any sort of supernatural intervention." (cleaned up)).

[89] *Big Sky Civil Tr.*, 2022 U.S. Dist. LEXIS 83821, at *8 (quoting *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009)).

[90] *Id.* at *9 (collecting cases).

[91] *See United States' Motion* at 7 (noting that "a court cannot exercise subject-matter jurisdiction over a frivolous and incoherent complaint" (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974))).

[92] *See Van Ornum v. AMA*, No. 2:14-cv-921-RJS-EJF, 2017 U.S. Dist. LEXIS 164269, at *12 (D. Utah Mar. 16, 2017) (discussing the high bar for Rule 12(b)(1) dismissals based on attenuated or unsubstantial federal claims), *report and recommendation adopted by* 2017 U.S. Dist. LEXIS 161513 (D. Utah Sep. 29, 2017).

[93] *Id.* (citing *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001) and *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395–96 (10th Cir. 2002)).

[94] *Id.* (quoting *Coando*, 44 F. App'x at 395-96 and *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1073 (10th Cir. 2008)).

databases, monitored communications, and government surveillance.[95] In evaluating the plaintiffs' threshold jurisdictional allegations, the court acknowledged the plaintiffs' contentions were "extraordinary," but nevertheless concluded they were "neither legal conclusions nor bare recitations."[96] Because the court could not "conclude that on their face they defy reality," it accepted them as true for the purpose of determining plaintiffs' Article III standing.[97] On the other side of the coin is *Frank v. Bush*,[98] in which the court dismissed claims based on allegations "President George W. Bush and the Department of Homeland Security . . . authorized Wichita area hospitals . . . to use a 'steroid cocktail' to try and cause death" to numerous persons affiliated with the plaintiff.[99]

Braun's Complaint falls somewhere between *Valdez* and *Frank*. Though his claims are incredible and, at times, indecipherable, the thrust of his Complaint concerns government inaction in the face of his FOIA and Privacy Act requests. He contends this inaction, among other alleged injustices, has caused him to suffer personal, financial, and civil deprivations that can be remedied by, among other things, a court order compelling the federal government to comply with his requests for records and corrections.[100] While certainly far-fetched and attenuated, Braun's Complaint is more grounded in reality than, say, "claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel," which might "defy

---

[95] 228 F. Supp. 3d 1271 (D. Utah 2017).

[96] *Id.* at 1283.

[97] *Id.* at 1283–86 (denying the NSA's Rule 12(b)(1) motion because the plaintiffs' allegations were "not legal conclusions, bare assertions of the elements of standing, or sufficiently fantastic on their face as to defy reality," and the law "require[d] the court to accept them as true" at the pleading stage).

[98] No. 09-4146-RDR, 2010 U.S. Dist. LEXIS 32976 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745 (10th Cir. 2010).

[99] *Id.* at *5.

[100] *See generally Complaint*.

reality as we know it."[101]  Nor is Braun alleging government mind control[102] or death cocktails,[103] which might not survive a Rule 12(b)(1) motion either.  Stripped of its more colorful allegations about online dating websites and fictitious cohabitants, Braun's Complaint hews closer to the facts of *Valdez* and his core claims are not so attenuated and unsubstantial as to be dismissed purely on Rule 12(b)(1) grounds.[104]

At the same time, this is a close call.  As the court in the District of Columbia aptly observed, "At bottom, Braun alleges a multi-decade conspiracy in which several federal and state government components conspired with private companies to create false database entries on him, prevent him from obtaining employment, and eventually physically and electronically harass him."[105]  Most of Braun's alleged injuries are not even conceivably related to his scattershot causes of action.  But, applying a liberal construction, Judge Romero followed the Tenth Circuit's "history of reading federal claims generously,"[106] and recommended dismissal of at least some of Braun's discernable claims on Rule 12(b)(6) grounds rather than solely under Rule 12(b)(1).[107]  Acknowledging that reasonable judges could go either way under these circumstances, this court cannot say Judge Romero's well-reasoned and comprehensive decision was clearly erroneous.

---

[101] *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting) (discussing the breadth of allegations that may not be entitled to the presumption of truth).

[102] *See Mettlen v. Kaste*, No. 16-cv-4008-DDC-KGG, 2016 U.S. Dist. LEXIS 138440, at *9 (D. Kan. Oct. 4, 2016) ("So long as plaintiff's Complaint is premised—as it is here—on defendants' alleged use of mind control devices attached to small jets, he cannot state a plausible claim for relief.").

[103] *See Frank*, 2010 U.S. Dist. LEXIS 32976, at *5.

[104] *See, e.g.*, *Farr v. United States*, No. 21-2183-JWB, 2022 U.S. Dist. LEXIS 7177, at *12 (D. Kan. Jan. 13, 2022) (dismissing a plaintiff's claims on Rule 12(b)(1) and Rule 12(b)(6) grounds where she alleged a wide-ranging conspiracy by Senator James Inhofe and others to target her and her family with "Directed Energy Weapons"); *see also Valdez*, 228 F. Supp. 3d at 1283–86.

[105] *Big Sky Civil Tr.*, 2022 U.S. Dist. LEXIS 83821, at *11.

[106] *Van Ornum*, 2017 U.S. Dist. LEXIS 164269, at *12.

[107] *See Report* at 7–12.

16

Finding no clear error in the remainder of the Report, the court ADOPTS it in its entirety and GRANTS the United States' Motion to Dismiss.

## CONCLUSION

For the reasons stated above, Braun's Objection[108] is OVERRULED. The court ADOPTS Judge Romero's Report and Recommendation[109] in its entirety and GRANTS the United States' Motion to Dismiss.[110] Braun's claims are DISMISSED WITHOUT PREJUDICE. Accordingly, Braun's Motion for Expedited Consideration[111] is DENIED as moot. The Clerk of the Court is directed to close the case.

SO ORDERED this 21st day of September, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[108] Dkt. 30.

[109] Dkt. 29.

[110] Dkt. 21.

[111] Dkt. 31.